PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:20CR342 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TERRIS CHANLEY BAKER (2), | ) | |
| ROBERT J. ROHRBAUGH, II (3), | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 88, 97] |

Before the Court is the Government's Notice of Intent to Introduce Evidence Under Fed. R. of Evid. 404(b) (ECF No. 88) and the Government's Notice of Intent to Introduce Additional Evidence Under Fed. R. of Evid. 404(b) (ECF No. 97). Defendant Robert J. Rohrbaugh, II ("Defendant Rohrbaugh") filed a written opposition to the Government's first Notice of Intent to Introduce Evidence Under Fed. R. of Evid. 404(b) (ECF No. 88). ECF No. 96. Defendant Terris Chanley Baker's ("Defendant Baker") objections were delivered orally. The Court heard argument from all parties.

**I. Background**

On April 11, 2022, and April 13, 2022 the Court conducted a Rule 404(b) Hearing (collectively, the "Hearings"). *See* 4/11/2022 Minutes and 4/13/2022 Minutes. During the Hearings, the Court (i) made preliminary *Enright*[1] findings as to the first two elements on the

---

[1] "To admit the statements of a co-conspirator under Rule 801(d)(2)(E), a trial court must find that: (1) the conspiracy existed; (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the proffered statements in furtherance of the conspiracy." *United States v. Warman*, 578 F.3d 320, 335 (6th Cir. 2009) (citing *United*

(4:20CR342)

existence of the conspiracy, and Defendants' membership, and (ii) addressed Defendants' objections to (a) the introduction of the Government's proposed Rule 404(b) evidence, and (b) Defendants' collective *Bruton* objections to the introduction of statements by their co-Defendant Brandon R. Mace ("Defendant Mace") in categories two through four of the Government's intended 404(b) evidence, and specifically Defendant Rohrbaugh's *Bruton* objection to categories five through seven of the Government's intended 404(b) evidence. For the reasons stated below, the Court permits the introduction of each category of the Government's proposed Rule 404(b) evidence and overrules Defendants' *Bruton* objections.

## II. Discussion

### A. Government's Rule 404(b) Evidence

In deciding the permissibility of introducing Rule 404(b) evidence, the district court employs a three-step process in which it must determine whether:

    (1)    the "other act" actually occurred,
    (2)    the evidence is offered for a permissible purpose[2], and
    (3)    its probative value is not substantially outweighed by unfair prejudice.

---

States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999)). "We sometimes refer to this as an *Enright* finding." Warman, 578 F.3d at 335 (quoting United States v. White, 58 Fed.Appx. 610, 614 (6th Cir. 2003)). "To determine whether the offering party has made the necessary showing, the court may 'admit the hearsay statements subject to connection later at trial[.]'" United States v. Lora, 210 F.3d 373 (6th Cir. 2000) (quoting United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979)).

   [2] "Under Rule 404(b), evidence of other crimes or acts are not permissible to prove the character of the person." United States v. Johnson, 24 F.4th 590, 605 (6th Cir. 2022). "They may be admissible for other purposes, such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id*. (quoting Fed. R. Evid. 404(b)(2)). "The list is not exhaustive, and the government may present another legitimate purpose." *Id*. (quoting United States v. Blakeney, 942 F.2d 1001, 1018 (6th Cir. 1991)).

2

(4:20CR342)

United States v. Carter, 779 F.3d 623, 625 (6th Cir. 2015) (quoting United States v. De Oleo, 697 F.3d 338, 343 (6th Cir. 2012)). Evidence of crimes or other acts that pre-date the alleged timeframe of a conspiracy may still be introduced under Fed. R. of Evid. 404(b). United States v. Love, 254 F. App'x 511, 512 (6th Cir. 2007) (permitting the Government to introduce evidence of defendant's state court conviction that occurred eight years prior to his involvement in the charged conspiracy, pursuant to Fed. R. of Evid. 404(b)); United States v. Anguiano, 11 F. App'x 415, 417 (6th Cir. 2001) (permitting the Government to introduce evidence of the co-defendants' "repeated trips to Nashville in the year preceding" the drug transactions giving rise to the charged conspiracy because it was "evidence that they had both the opportunity and the intent to participate in a Nashville-based conspiracy").

Having heard the parties, the Court makes the following rulings on the proposed Rule 404(b) categories of evidence:

1. An April 2011 United States Internal Revenue Service ("IRS") interview of Defendant Rohrbaugh about coconspirator Defendant Mace.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. The three step process permitting its admission is satisfied because (i) the Court finds that this act actually occurred, having been provided a Memorandum of Interview, (ii) the act is being introduced for a permissible purpose, namely Defendant Rohrbaugh's knowledge of Defendant Mace, and moreover, notice of the fact that Defendant Mace was being investigated by the IRS for a tax fraud scheme, and (iii) the act's probative value is not substantially outweighed by unfair prejudice because the act tends to make it more likely that Defendant Rohrbaugh was aware of the fraudulent acts of Defendant Mace. While the Court recognizes that the dates of the alleged conspiracy span from January 2015, to June 2016, acts that predate charged conduct are still admissible for a valid purpose under Rule 404(b), such as knowledge. See United States v. Censke, 449 F. App'x 456, 469 (6th Cir. 2011) (admitting acts that occurred three to five years prior to the charged conduct because the acts were "not so remote in time to fail in providing proof" of defendant's knowledge). Also, this is relevant evidence admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(A) and/or (E), as discussed below.

3

(4:20CR342)

2. Four consensually recorded meetings between Defendant Rohrbaugh (or his employee) and Defendant Mace, which occurred between February 2018 and May 2018.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. The three step process permitting its admission is satisfied because (i) the Court finds that this act occurred, based on both the Government and Defendants' representations to the Court during the Hearing, (ii) the category serves a valid 404(b) purpose, namely Defendant Baker and Defendant Mace's knowledge, plan, and absence of mistake, and (iii) the evidentiary category's probative value is not substantially outweighed by unfair prejudice because it involves a specific time range of conversations between two separate people, both of whom are named defendants in the above-captioned case. Defendants' concern about the introduction of statements between co-defendants under *Bruton* and *Crawford* is not applicable because this category involves statements of two co-conspirators and is therefore admissible under Fed. R. Evid. 801(d)(2)(E). The statements are non-testimonial. *United States v. Blake-Saldivar*, 505 F. App'x 400, 410 (6th Cir. 2012) (concluding that defendant's confrontation challenge fails "because statements by coconspirators are nontestimonial"). In addition, even if that statements were testimonial, Defendants' Confrontation Clause arguments are to no avail for this category because Defendant Mace will be subject to cross-examination.

3. Legal documents that Defendant Rohrbaugh created as a result of meetings with Defendant Mace.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. The three step process permitting its admission is satisfied because (i) the Court finds that the act occurred, based on the representations of the Government and counsel for Defendant Rohrbaugh, (ii) the act has a valid 404(b) purpose in that it shows Defendant Rohrbaugh and Defendant Mace's intent and knowledge regarding the alleged conspiracy, and (iii) the probative value of the act is not substantially outweighed by the danger of unfair prejudice because it involves documents created as a result of interactions between Defendant Rohrbaugh and Defendant Mace. Defendants' concern about the introduction of statements between co-defendants under *Bruton* and *Crawford* is not applicable because this category involves statements of two co-conspirators and is therefore admissible under Fed. R. Evid. 801(d)(2)(E). The statements are non-testimonial. *Swain v. Lazaroff*, No. 3:15CV1770, 2016 WL 6600426, *1 (N.D. Ohio Nov. 8, 2016) (recognizing that "[s]tatements made in furtherance of a conspiracy are non-testimonial in nature"). Additionally, even if *Bruton* and *Crawford* were applicable, Defendants' Confrontation Clause arguments are to no avail for this category because Defendant Mace will be subject to cross-examination.

(4:20CR342)

4. A consensually recorded conversation between Defendant Baker and Defendant Mace, which occurred in November 2017.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. All three criteria are satisfied because (i) the Court finds that the act occurred, based on the representations of the Government and counsel for Defendant Baker during the Hearing, (ii) it also serves a valid 404(b) purpose, including probative value of Defendant Baker and Defendant Mace's knowledge and the continuation of their unlawful relationship, and (iii) the probative value is not substantially outweighed by unfair prejudice because it involves a single, recorded conversation between two Defendants and is being offered to help demonstrate the continuation of their unlawful relationship, which bears on the conspiracy charge. Defendants' concern about the introduction of statements between co-defendants under *Bruton* and *Crawford* is not applicable because this category involves statements of two co-conspirators and is therefore admissible under Fed. R. Evid. 801(d)(2)(E). The statements are non-testimonial. *United States v. Pike*, 342 F. App'x 190, 194 (6th Cir. 2009) (admitting co-conspirator statements because the "statements were not made in reasonable anticipation of a future prosecution" and therefore were not testimonial). Finally, *Bruton* concerns are further allayed because Defendant Mace will be subject to cross-examination.

5. An additional undercover phone conversation between Defendant Mace and Defendant Rohrbaugh on May 1, 2018.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. All three criteria are satisfied because (i) the evidence demonstrates that the communication actually occurred, (ii) the evidence is being offered for a permissible purpose under Rule 404(b), namely to show knowledge, as well as the nature and continuation of the unlawful relationship, and (iii) the evidence is not unfairly prejudicial because it involves specific communications between Defendant Rohrbaugh and a co-conspirator, Defendant Mace. Because these are statements between co-conspirators, they are admissible under Fed. R. Evid. 801(d)(2)(E), and categorically non-testimonial. In addition, *Bruton* concerns are further allayed because Defendant Mace will be subject to cross-examination.

6. A communications log that reflects (i) 134 text messages (including content) and (ii) 7 calls between Defendant Mace and Defendant Rohrbaugh between November 2, 2017, and June 22, 2018.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. All three criteria are satisfied because (i) the evidence demonstrates that the communication actually occurred, (ii) the evidence is being offered for a permissible purpose under Rule 404(b), namely to show knowledge, as well as the nature and continuation of the unlawful relationship, and (iii) the evidence is not unfairly prejudicial because it involves specific communications

5

(4:20CR342)

between Defendant Rohrbaugh and a co-conspirator, Defendant Mace. Because these are statements between co-conspirators, they are admissible under Fed. R. Evid. 801(d)(2)(E), and categorically non-testimonial. In addition, *Bruton* concerns are further allayed because Defendant Mace will be subject to cross-examination.

7. A communications log that reflects three text messages (including content) between Defendant Mace and Kasey McCollum, Defendant Rohrbaugh's legal assistant, between May 22, 2018 and May 23, 2018.

Ruling: The Court permits the Government to introduce this category of evidence, over Defendants' objection. All three criteria are satisfied because it satisfies the three prong test under 404(b) because (i) the exhibit demonstrates that the communication actually occurred, (ii) it is being offered for a permissible purpose under Rule 404(b), namely to show knowledge, as well as the nature and continuation of the unlawful relationship, and (iii) is not unfairly prejudicial because it involves specific communications between Defendant Rohrbaugh's employee and a co-conspirator. Although the statements involve Kasey McCollum, who in her individual capacity is not charged in this case, her statements can still be attributed to Defendant Rohrbaugh because Kasey McCollum was his employee, pursuant to Fed. R. Evid. 801(d)(2)(D). Because these are statements between co-conspirators, they are admissible under Fed. R. Evid. 801(d)(2)(E), and categorically non-testimonial. In addition, *Bruton* concerns are further allayed because Defendant Mace will be subject to cross-examination.

### B. Res Gestae

The Sixth Circuit "ha[s] recognized the admissibility of *res gestae,* or background evidence, in limited circumstances when the evidence includes conduct that is 'inextricably intertwined' with the charged offense." *United States v. Churn,* 800 F.3d 768, 779 (6th Cir. 2015) (quoting *United States v. Clay,* 667 F.3d 689, 697 (6th Cir. 2012)). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.* (quoting *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000)). "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's

6

(4:20CR342)

testimony, or completes the story of the charged offense." *Id*. (quoting *United States v. Grooms,* 566 Fed.Appx. 485, 491 (6th Cir. 2014)).

In the alternative, the seven categories of Rule 404(b) evidence above are admitted as res gestae. *See* ECF No. 89 at PageID #: 791 – 794.

### C. Confrontation Clause Objections

Defendants have expressed concern that the use of statements by co-defendants threatens their right to confront witnesses against them. *See Bruton v. United States*, 391 U.S. 123, 137 (1968) (holding that "despite the concededly clear instructions to the jury to disregard [petitioner's co-defendant's] inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination"); *see also Crawford v. Washington*, 541 U.S. 36 , 68 (2004) (holding that petitioner's Sixth Amendment right to confront was violated because the Washington Supreme Court improperly "admitted [petitioner's wife]'s testimonial statement against petitioner, despite the fact that [petitioner] had no opportunity to cross-examine her"). The rulings in *Bruton* and *Crawford* are premised on the Confrontation Clause and only apply to testimonial statements. *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009).

Without being overly redundant, the Court reminds the parties' that *Bruton* applies to statements of a *non-testifying* co-defendant and to *hearsay* statements. Stated differently, cross examination "disables" a claim of constitutional deprivation based on *Bruton*. *U.S. v. Morrow*, 977 F.2d 222, 225 (6th Cir 1992). It follows then that *Bruton* is inapplicable to statements that are made for non-hearsay purposes. *See United States v. Sherlin*, 67 F.3d 1208, 1216 (6th Cir. 1995) (reasoning that introduction of co-

7

(4:20CR342)

defendant's testimony before a grand jury "did not violate [defendant]'s confrontation rights because it was not offered to prove the truth of the matter asserted").

As indicated above, the Court has preliminarily found that a conspiracy existed and Defendants Mace, Baker and Rohrbaugh were members and made statements in furtherance of the conspiracy. *See* Footnote 1. Statements between co-conspirators "made in furtherance of the conspiracy" are "categorically non-testimonial[.]" *United States v. Tragas*, 727 F.3d 610, 615 (6th Cir. 2013). *See United States v. Sutton*, 387 F. App'x 595, 601 (6th Cir. 2010) (citing *Crawford,* 541 U.S. at 56) (stating that "[s]tatements made in furtherance of a conspiracy are inherently non-testimonial"). Equally important: statements between co-conspirators are admissible as non-hearsay under Fed. R. Evid. 801(d)(2)(E), if they are made in furtherance of a conspiracy. *United States v. Robinson*, 390 F.3d 853, 881 (6th Cir. 2004). Additionally, under Fed. R. Evid. 801(d)(2)(A), statements are non-hearsay if made by and offered against the opposing party. These rules permit the Government to use the statement of the Defendants Baker and Rohrbaugh against them even when those statements would otherwise be inadmissible hearsay. *Nat'l Credit Union Admin. Bd. v. Zovko*, 728 F. App'x 567, 570 (6th Cir. 2018) (quoting *United States v. Cunningham,* 679 F.3d 355, 383 (6th Cir. 2012)) (recognizing that "a party's own statement [may] be offered as evidence against that party even where the statement would otherwise be inadmissible as hearsay").

Lastly, when a *Bruton* violation occurs, the presence of other overwhelming evidence against a particular defendant may render an error harmless. *Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. DiCarlantonio,* 870 F.2d 1058, 1062

(4:20CR342)

(6th Cir. 1989) (concluding that even if admission of co-defendant's statement was improper, "any error was harmless" because "of the strength of the evidence of appellant's guilt"); *United States v. Halliday*, 658 F.2d 1103, 1105 (6th Cir. 1981) (overruling a defendant's *Bruton* challenge because, in "light of the overwhelming evidence of guilt supplied by the testimony of [a witness] and the confession of [a co-defendant], the Bruton error, if any, was harmless beyond a reasonable doubt").

Based on the record thus far, the statements objected to are not prohibited by *Bruton* or *Crawford*.  Defendants' objections based on the confrontation clause are overruled.

### D.  Conclusion

For the reasons above, each of the Government's seven proposed categories of Rule 404(b) evidence is permitted to be introduced, and Defendants' objections are overruled.

IT IS SO ORDERED.

| | |
|---|---|
| April 14, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |